HENRY M. CLARK, Plaintiff in Error, *v.* ALFRED J. GROOM, Defendant in Error.

### ERROR TO KANE.

The verdict of a jury, as to the good faith of an assignment, will not be disturbed, unless the proof shows clearly that the assignment was fraudulent.

The lack of pecuniary responsibility on the part of an assignee, is not conclusive evidence of fraud.

THIS was an action of replevin, brought by defendant in error against plaintiff in error, to recover certain property which the defendant, as sheriff, had seized on execution, under a judgment against one Stephen March. Plaintiff claimed the property as the assignee of March, under a voluntary assignment.

The defense was, that the assignment was void. That the assignee was not responsible pecuniarily, and that his habits were such as to show fraud in the assignment.

The jury found the issues for the plaintiff, and judgment was rendered in accordance with the verdict.

EASTMAN & BOTSFORD, and J. L. BEVERIDGE, for Plaintiff in Error.

W. D. BARRY, for Defendant in Error.

CATON, C. J. We do not think the evidence in this case requires us to disturb this verdict. The principal evidence of fraud relied upon, is the habits of the assignee, and his pecuniary irresponsibility. The proof shows that he is in the habit of frequenting saloons evenings, where he sometimes drinks to excess, and sometimes gambles for very small amounts. The evidence also shows that he is a very industrious mechanic, and of unquestioned integrity. His pecuniary responsibility is nothing. Unquestionably, this was an injudicious selection of an assignee, but it is not conclusive evidence of fraud in the assignment. The other circumstances of fraud relied upon, are very slight. Upon a proper application, by the creditors, no doubt the court of chancery would remove him from the trust, and appoint a receiver to perform the duties devolving upon the assignee, but we do not think the assignment itself should be disturbed. The facts established do not show that the assignment was fraudulent and void, as a matter of law, and the jury have found that it was not fraudulent as a matter of fact.

The judgment must be affirmed.

*Judgment affirmed.*